[Civ. No. 9751. Second Appellate District, Division Two.—May 6, 1935.]

CHARLES B. BERMAN, Appellant, v. BLANKENSHIP MOTORS (a Corporation) et al., Respondents.

William P. Redmond for Appellant.

George L. Greer for Respondents.

FRICKE, J., *pro tem.*—This is an appeal from a judgment in a personal injury action in favor of the defendant. ▪ Appellant testified that while standing in a shipping room of a building in Los Angeles, a truck, which had been stopped and left unattended by a driver, employed by respondent, rolled down the sloping floor and struck him causing his injuries. A fellow employee corroborated this story and added the factor that he grasped the emergency brake but was unable to stop the truck. The driver of the truck testified that he set the brakes of the truck and went upstairs and that when he returned shortly thereafter he found appellant seated on the back of the truck and that appellant then stated that he (appellant) had pushed the truck from one place to another and in doing so was injured through his own negligence. The defense, over objection, introduced the testimony of an expert who testified to a measurement and examination of the premises and that the truck would have had to run up hill for the accident to have occurred as claimed by appellant, and that no truck could possibly have rolled of its own accord in the manner claimed.

The court appointed an expert who testified without objection that the truck involved would have had to run up hill to injure appellant as he claimed.

The decision of the trial court in favor of respondent is amply supported by the evidence.

▪ It cannot be determined from the very abbreviated bill of exceptions whether or not all of the elements of admissibility were established for the introduction of testimony by the defense expert. We cannot therefore find error therein.

We do not wish to be understood as holding that expert testimony is admissible to prove as obvious a fact as that a truck, without the engine running, will not run up an incline of its own accord.

The judgment is affirmed.

Stephens, P. J., and Crail, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 4, 1935.